**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:25-cv-624-MOC-MTO**

| | | |
|---|---|---|
| **FORREST SAWLAW,** *as the representative of a class of similarly situated persons, and on behalf of* **HOLLANDIA PRODUCE GROUP, INC. EMPLOYEE STOCK OWNERSHIP PLAN,** | ) | |
| **Plaintiffs,** | ) | **ORDER** |
| **vs.** | ) | |
| **MOSAIC CAPITAL INVESTORS, LLC, ET AL.,** | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on Cross-Defendants Ian Mohler, Iain Douglas, True West Capital Partners Fund II, L.P., and Mosaic Capital Investors I, L.P.'s (the "Investor Cross-Defendants") Joint Motion to Dismiss Cross-Claimant GreatBanc Trust Company's ("GreatBanc") Supplemental Contingent Crossclaims. (Doc. No. 157). Having considered the motion and reviewed the parties' arguments, the Court **GRANTS IN PART AND DENIES IN PART** Cross-Defendants' motion.

## I. BACKGROUND

This is a purported class action, in which Plaintiff Forrest Sawlaw, as the purported class representative for the Hollandia Produce Group, Inc, Employee Stock Ownership Plan ("ESOP"), has sued numerous Defendants, claiming that Defendants abused the ESOP for their own profit, resulting in diminishing the value of Hollandia workers' retirement accounts. Plaintiff filed action under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et

seq., ("ERISA"), seeking to recover what Plaintiffs characterize as "stolen ESOP benefits" and to remedy Defendants' "unlawful conduct." (Doc. No. 85 at 2).

In July 2025, Plaintiffs filed their Second Amended Complaint ("SAC"). (Doc. No. 85). In November 2025, the Investor Cross-Defendants and GreatBanc filed separate Motions to Dismiss. (Doc. Nos. 120, 122). On January 13, 2026, this Court held a hearing to consider Defendants' Motions to Dismiss. In March 2026, the Court issued an Order granting in part and denying in part Defendants' Motions to Dismiss. (Doc. No. 141). Later in March, GreatBanc filed a Crossclaim against the Investor Cross-Defendants. (Doc. No. 145). In April 2026, GreatBanc filed an Answer to Plaintiffs' SAC and Supplemental Contingent Crossclaims against the Investor Cross-Defendants. (Doc. No. 148). The Investor Cross-Defendants then filed a Motion to Dismiss GreatBanc's Supplemental Contingent Crossclaims. (Doc. No. 157).

GreatBanc does not concede that Plaintiffs' underlying claims are meritorious and does not concede that the facts alleged therein are true; however, to the extent that such claims may be found to be meritorious, GreatBanc, as the ESOP trustee, seeks relief against the "actual wrongdoers," which it identifies as the Investor Cross-Defendants. (Doc. No. 148 at 59). As such, the Court incorporates the factual background set forth in its Order granting in part and denying in part the Defendants' motions to dismiss. (Doc. No. 141).

As is relevant here, GreatBanc asserts four sets of supplemental contingent crossclaims against the Investor Cross-Defendants. First, GreatBanc claims that if the facts demonstrate that Cross-Defendants Mohler and Douglas acted as agents of Mosaic and True West during their tenure as Hollandia board members, they caused direct harm to the ESOP and by extension GreatBanc as trustee. (Doc. No. 158 at 58). In that case, GreatBanc argues, Mohler and Douglas

violated their state law duty of loyalty to the ESOP shareholders. (Id.). GreatBanc asserts that it would be entitled to recover "legal costs related to addressing, investigating, and/or otherwise responding to the wrongdoing of Mohler and Douglas." (Id. at 60). GreatBanc also posits that it would be entitled to recover "any damages or other relief assessed against GreatBanc related to Plaintiffs' claims against GreatBanc in-so-far as those claims are predicated on wrongdoing by Mohler and Douglas." (Id.)

Second, GreatBanc seeks to join Plaintiffs' claims against the Investor Cross-Defendants for violations of 29 U.S.C. §§ 1104(a)(1), 1105(a), and 1106(b). (Id. at 60–62).

Third, GreatBanc seeks to impose non-fiduciary liability under 29 U.S.C. § 1132(a)(3) insofar as the Court determines that an Investor Cross-Defendants was not an ERISA fiduciary. (Id. at 62). GreatBanc seeks equitable relief including, but not limited to, disgorgement of financial benefits or any other equitable remedy that may be appropriate. (Id.).

Fourth, GreatBanc contends that if the Investor Cross-Defendants were de facto ERISA fiduciaries and used their control over Hollandia's board of directors to enrich themselves, install their agent Michael Zeller as GreatBanc's legal counsel, and thus covertly steer the ESOP against its own interests, then GreatBanc seeks Indemnification and/or Contribution against the Investor Cross-Defendants as the more culpable parties. (Id. at 64–66).

## II. STANDARD OF REVIEW

Rule 12(b)(6) authorizes the Court to dismiss GreatBanc's crossclaims for failing "to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Thus, the Rule 12(b)(6)

inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). See id.

To survive the Investor Cross-Defendants' motion to dismiss, GreatBanc's factual allegations in the complaint need only "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, the complaint must simply "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In analyzing the complaint, the Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). However, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## III. DISCUSSION

### a. Breach of State Law Fiduciary Duty

GreatBanc asserts that Cross-Defendants Mohler and Douglas, in their capacity as members of Hollandia's Board of Directors, "violated their [state law] fiduciary duties of loyalty and prudence" and "acted specifically to injure the ESOP and direct funds to Mosaic [and True West] that should have gone to the ESOP" as Hollandia's shareholder. (Doc. No. 148 at 60).

i. Failure to State Controlling Law

The Investor Cross-Defendants first claim that GreatBanc failed to "identify the law under which it brings its breach of fiduciary duty claim" and that this failure fatally undermines this Court's ability to determine whether the claim is sufficiently pled. (Doc. No. 158 at 5). GreatBanc responds that "the lack of any express assertion of which state's laws govern is immaterial" at this stage of proceedings. (Doc. No. 161 at 6) (emphasis in original). GreatBanc has the better argument.

The source of applicable law is readily inferable from the Crossclaim. GreatBanc's Crossclaim adopts the factual allegations in Plaintiffs' SAC, (Doc. No. 148 at 56), which states that Hollandia was incorporated as a California corporation. (Doc. No. 85 at 1). The state of incorporation governs common law actions for breach of corporate fiduciary duty. Worley Claims Servs., LLC v. Jefferies, 429 F. Supp. 3d 146, 159 (W.D.N.C. 2019) (recognizing that "claims of breach of fiduciary duty are governed by the 'internal affairs doctrine,' which applies the law of the state of incorporation to claims related to corporate standards of care"). Consequently, GreatBanc brings its state law breach of corporate fiduciary duty claims under California law.

More importantly, courts "regularly defer choice-of-law issues until after the parties have completed discovery" rather than resolving such issues at the pleading stage. M.D. Russell Constr., Inc. v. Consol. Staffing, Inc., No. 22-1420, 2023 WL 8798086, at *3 (4th Cir. Dec. 20, 2023); accord Morris v. Bank of Am., N.A., No. 3:18-cv-157, 2019 WL 1421166, at **3–4 (W.D.N.C. Mar. 29, 2019) (finding it "premature" to dismiss a state law claim where choice of law issues are present). At this early stage of the proceedings, it would be premature to dismiss

GreatBanc's state law claims over a failure to explicitly state the governing law when it may be identified by the court and the parties.

ii. ERISA Preemption

The Investor Cross-Defendants next argue that GreatBanc's state law breach of fiduciary duty claim is preempted by ERISA because it is an "alternative enforcement mechanism" that conflicts with ERISA. GreatBanc contends that such state law claims are not necessarily preempted by ERISA, and that its state law claims fall outside of ERISA's broad preemptive reach.

The Court agrees with GreatBanc that state law breach of corporate fiduciary duty claims are not necessarily preempted by ERISA and finds that dismissal of GreatBanc's claims at this stage of the litigation is premature.

ERISA contains an express preemption clause that provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). ERISA's preemption clause is notably broad, with Congress intending "'to ensure that plans and plan sponsors would be subject to a uniform body of benefits law,' thereby 'minimizing the administrative and financial burden of complying with conflicting directives' and ensuring that plans do not have to tailor substantive benefits to the particularities of multiple jurisdictions." Rutledge v. Pharm. Care Mgmt. Ass'n, Inc., 592 U.S. 80, 86 (2020) (citation modified) (quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 142 (1990)). "[A] state law may relate to a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." Ingersoll-Rand, 498 U.S. at 139 (quotations omitted); see also Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 98 (1983) ("[Section]

514(a) [cannot] be interpreted to pre-empt only state laws dealing with the subject matters covered by ERISA—reporting, disclosure, fiduciary responsibility, and the like.").

In Griggs v. E.I. DuPont de Nemours & Co., the Fourth Circuit held that a state law claim is preempted when "a cause of action under state law is 'premised on' the existence of an employee benefit plan" or when the state law cause of action "conflicts directly with an ERISA cause of action." 237 F.3d 371, 378 (4th Cir. 2001) (quoting Ingersoll-Rand, 498 U.S. at 140, 142). State law causes of action conflict directly with ERISA when the state law provides an "alternative enforcement mechanism[]." N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 658 (1995); see Gobeille v. Liberty Mut. Ins. Co., 577 U.S. 312, 323 (2016) (finding that ERISA preempts state laws that "parallel" an ERISA cause of action).

A state law claim for breach of the fiduciary duty of loyalty may—but does not necessarily—amount to an improper alternative enforcement mechanism. To determine whether a state cause of action conflicts with ERISA, courts typically rely on three guiding principles: (1) "state laws involving the exercise of traditional state authority are less likely to be preempted than state laws regulating areas not traditionally left to the states"; (2) state laws that affect "relations among principal ERISA entities (the employer, the plan, the plan fiduciaries, and the beneficiaries)" are more likely to be preempted; and (3) "preemption is less likely to occur where the effect of a state law of general application on an ERISA-covered plan is merely incidental." Richmond v. Am. Sys. Corp., 792 F. Supp. 449, 457–58 (E.D. Va. 1992).

Preemption issues typically arise when a corporate director is also an ERISA fiduciary. See Laurence B. Wohl, Fiduciary Duties Under ERISA: A Tale of Multiple Loyalties, 20 U.

DAYTON. L. REV. 43 (1994). These so called "dual hat" directors have two distinct sets of fiduciary duties—one under state corporate law and another under ERISA. Id. at 50; see Davis v. Richards, 7 F.4th 534, 541 (7th Cir. 2021). These burdens are "parallel but independent," and the existence of an ERISA duty not necessarily preempt the state law duty. Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan Enters., Inc., 793 F.2d 1456, 1468 (5th Cir. 1986); see Davis, 7 F.4th at 543; Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan v. Buth, 99 F.4th 928, 956 (7th Cir. 2024); Richmond, 792 F. Supp. at 459. "The director's duty arises from his status as director; the law imposes the duty upon him in that capacity only. Similarly, the shareholder's rights against the corporate director arise solely from his status as shareholder." Sommers, 793 F.2d at 1468. That a "director happens also to be a plan fiduciary and the shareholder a benefit plan has nothing to do with the duty owed by the director to the shareholder." Id.

Accordingly, the fact that Mohler and Douglas may have been ERISA fiduciaries is not fatal to GreatBanc's contingent crossclaim. And the case for allowing GreatBanc's contingent crossclaims to proceed is even more compelling in a situation like this where it is uncertain whether Mohler and Douglas are ERISA fiduciaries.[1] If they are ERISA fiduciaries, then GreatBanc could proceed under ERISA; if they are not ERISA fiduciaries, then GreatBanc's state law claim may not be preempted and, thus, it may be able to proceed under its state law breach of fiduciary duty claim. Therefore, dismissing the state law corporate fiduciary duty claim

[1] Cross-Defendants Mohler and Douglas vociferously deny that they are ERISA fiduciaries, but the Court has previously held that Plaintiffs alleged sufficient facts to plausibly show that they are. See (Doc. No. 141 at 24–26). Additionally, the determination of Mohler and Dougals' status as ERISA fiduciaries is a "fact-intensive inquiry," the resolution of which is "inappropriate for a motion to dismiss." Wallace v. Int'l Paper Co., 509 F. Supp. 3d 1045, 1052 (W.D. Tenn. 2020).

at this early stage would potentially foreclose recovery for corporate mismanagement in the case that Mohler and Douglas are not ERISA fiduciaries and therefore are not liable under ERISA. Doing so "would contravene ERISA's core purpose" and allow "misuse of plan assets by enabling directors and officers to defraud shareholders and creditors whenever they don their ERISA hats." Davis, 7 F.4th at 543. As such, it is premature to dismiss GreatBanc's state law claims, and the Court will leave the preemption question for another day.

b. Non-Fiduciary Violations of ERISA under 29 U.S.C. § 1132(a)(3)

Section 1132(a)(3) allows "a participant, beneficiary, or fiduciary" to bring a civil suit for "appropriate equitable relief" when an ERISA fiduciary causes a plan to enter into a transaction in violation of § 1106(a). Such "equitable relief" includes "restitution of ill-gotten plan assets." Mertens v. Hewitt Assocs., 508 U.S. 248, 260 (1993). Recovery is also extended to non-fiduciaries who have "actual or constructive knowledge of the circumstances [rendering] the transaction unlawful." Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 251 (2000).

The Investor Cross-Defendants argue that GreatBanc failed to state a claim under 29 U.S.C. § 1132(a)(3) because it failed to (1) identify an "alternative breaching fiduciary," (2) allege that "each of the separate [Investor Cross-Defendants] knew of and participated in the underlying unlawful breach," and (3) make "allegations regarding the existence of the *res* of the supposed misappropriation." (Doc. No. 158 at 10). The Investor Cross-Defendants are correct, but only in part.

First, the Investor Cross-Defendants argue that GreatBanc failed to identify "some other fiduciary (not the [Investor Cross-Defendants]) [who] engaged in a prohibited transaction with

actual knowledge that it was unlawful," and that this failure is "fatal" to its claim. (Id.). The Investor Cross-Defendants misunderstand GreatBanc's contingent crossclaim. A contingent crossclaim, as the name implies, is contingent on the resolution of certain facts that are, at the time of pleading, unresolved. This Court previously ruled that "Plaintiffs alleged sufficient facts to show that [the Investor Cross-Defendants] are fiduciaries of the ESOP." (Doc. No. 141 at 24). However, facts may develop that show that some, none, or all of the Investor Cross-Defendants were ERISA fiduciaries. GreatBanc's claim is contingent on the resolution of that factual issue. Therefore, GreatBanc does not need to state which Investor Cross-Defendant was an "alternative breaching fiduciary" who initiated the improper transaction and which Investor Cross-Defendant was a non-fiduciary in receipt of ill-gotten gains. See, e.g., Hayes v. Prudential Ins. Co. of Am., 60 F.4th 848, 855 (4th Cir. 2023) ("Federal Rule of Civil Procedure 8(a)(3) specifically permits pleading 'in the alternative.'"). At this stage of the proceedings, GreatBanc must only allege sufficient facts to demonstrate that its claim is plausible. GreatBanc has met this burden.

Second, the Investor Cross-Defendants claim that GreatBanc failed to "allege that each separate [Cross-Defendant] knew of and participated in the underlying unlawful breach." (Doc. No. 158 at 10). On the contrary, GreatBanc met its burden through reference and incorporation of Plaintiffs' SAC, which explains the Investor Cross-Defendants' knowledge of and participation in the alleged scheme.[2]

---

[2] Federal Rule of Civil Procedure 10(c) "permits [a] pleader to use an incorporation by reference of prior allegations in order to encourage pleadings that are short, concise, and free of unwarranted repetition as well as to promote convenience in pleading." See 5A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3626 (4th ed. 2026); FED. R. CIV. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion."). "[A]llegations in a prior effective pleading in the same action can be incorporated by reference regardless of the pleading in which the matter appears and regardless

Finally, the Investor Cross-Defendants allege that GreatBanc failed to demonstrate that "the specific 'tainted' funds the [Investor Cross-Defendants] received from Hollandia are traceable to funds held by the [Investor Cross-Defendants], have not dissipated, and therefore are subject to disgorgement via a constructive trust." (Doc. No. 158 at 10) (emphasis in original). The Court finds that GreatBanc alleged sufficient facts regarding Mosaic and True West, but not Mohler and Douglas.

29 U.S.C. § 1132(a)(3)(B) permits a claimant to obtain "appropriate equitable relief" to redress ERISA violations. Appropriate relief is limited to "those categories of relief that were typically available in equity." Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan, 577 U.S. 136, 142 (2016) (emphasis in original). To state a claim for relief, a plaintiff must plausibly allege facts showing "(1) that a defendant was unjustly enriched by interfering with [the plaintiff's] rights and (2) that the fruits of that unjust enrichment remain in the defendant's possession or can be traced to other assets." Rose v. PSA Airlines, Inc., 80 F.4th 488, 505 (4th Cir. 2023) (footnote omitted).

The Investor Cross-Defendants overstate GreatBanc's burden. GreatBanc is not required to prove that the funds allegedly owed to the ESOP remain in the Investor Cross-Defendants' possession, or even to conclusively trace the funds to other assets at this stage of litigation. To

---

of the identity of the party who issued the pleading." 5A FED. PRAC. & PROC. § 3626. Courts are reticent to allow "incorporation by reference if it fails to provide adequate notice of the incorporating party's claims, defenses, or factual allegations. But nothing in Rule 10(c) precludes a party from incorporating all of an earlier pleading." Cooper v. Nationwide Mut. Ins. Co., No. CIV.A. 02–2138, No. CIV A. 02-2138, 2002 WL 31478874, at *5 (E.D. Pa. Nov. 7, 2002) (emphasis added) (citations omitted). Given that the Investor Cross-Defendants had sufficient notice of the incorporated pleading—indeed, the Court previously rejected the Investor-Cross Defendants' objections to it—they clearly had sufficient notice of the SAC sufficient for GreatBanc to incorporate it by reference.

survive the motion to dismiss, GreatBanc must only allege facts that "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Under this standard, GreatBanc sufficiently pleads, by incorporation of the SAC, that the Investor Cross-Defendants unjustly enriched themselves through their scheme and that the fruits of said unjust enrichment flowed directly to Mosaic and True West. The SAC identifies a set of transactions related to the termination of the ESOP and sale of Hollandia in April 2022 that allegedly netted Mosaic and True West more than $75 million in the form of cash, Local Bounti stock, and other forms of remuneration. (Doc. No. 85 at 14–15). According to the SAC, this transaction was structured to maximize Mosaic and True West's profits at the expense of the ESOP and deprived the ESOP of an amount "estimated to exceed $20 million." (Id. at 17). Thus, the funds from the allegedly improper transaction are directly traceable to Mosaic and True West.

However, GreatBanc did not carry its burden as to Mohler and Douglas. GreatBanc's Supplemental Contingent Crossclaim, even with incorporation of the SAC, does not allege facts that plausibly show that the proceeds of Hollandia's sale and the associated transactions flowed directly to Mohler and Douglas. The only allegation concerning Mohler and Douglas is that they "received consideration for their personal accounts," (id. at 36); GreatBanc does not allege that they directly profited from the transaction. Accordingly, GreatBanc's Crossclaim will be dismissed.

For the foregoing reasons, GreatBanc's Supplemental Contingent Crossclaim alleging non-fiduciary ERISA violations by Cross-Defendants Mosaic and True West was sufficiently pled to survive the Motion to Dismiss, but it was not sufficiently pled as to Mohler and Douglas.

c. Indemnity and Contribution

GreatBanc asserts claims for indemnity and contribution against the Investor Cross-Defendants. The Investor Cross-Defendants argue that GreatBanc "might be able to assert these claims in the future, but not now" because such claims "are not ripe 'where no judgment for damages has been rendered against the party seeking contribution or indemnification.'" (Doc. No. 158 at 11). The Investor Cross-Defendants are incorrect.

Rule 13(g) of the Federal Rules of Civil Procedure states, in relevant part:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action. . . . The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action.

FED. R. CIV. P. 13(g) (emphasis added). Rule 13(g) is to be read liberally to promote the "expeditious and economical adjudication in a single action of the entire subject matter." Providential Dev. Co. v. U.S. Steel Co., 236 F.2d 277, 281 (10th Cir. 1956); see Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander, 414 F.2d 143, 146 (6th Cir. 1969) ("Rules 13 and 14 are remedial and are construed liberally."); 6 WRIGHT & MILLER'S FED. PRAC. & PROC. § 1431 (3d ed. 2024) ("[T]he courts generally have construed subdivision (g) liberally in order to settle as many related claims as possible in a single action."). Rule 13(g) does not require that the claim be mature at the time of pleading. 6 WRIGHT & MILLER'S FED. PRAC. & PROC. § 1431 (3d ed. 2024); see also Providential, 236 F.2d at 281 ("[Rule 13(g)] is not limited by text or purpose to definite or matured claims or causes of action."). On the contrary, "if defendants are jointly liable, one of them may crossclaim against the other for contribution" or "a party may interpose a crossclaim alleging that a codefendant is primarily liable and should indemnify the party for any amount the party may have to pay." 6 WRIGHT & MILLER'S FED. PRAC. & PROC. § 1431; see also Goldring v. Ashland Oil & Refining Co., 59 F.R.D. 487, 490

(N.D. W. Va. 1973) ("Rule 13(g) treats the claimover for indemnification as a pleadable, litigable claim; for procedural purposes a claim for indemnification is ripe for adjudication."); Maho Wada v. Aloha King, LLC, 154 F. Supp. 3d 981, 1003 (D. Haw. 2015) (finding that claims for indemnification and contribution need not be mature at the time of pleading).

The Investor Cross-Claimants rely on Empresa Lineas Maritimas Argentinas S.A. v. United States, 730 F.2d 153, 158 (4th Cir. 1984), to support their position that a crossclaim for contribution may only be brought once judgment has been rendered against the cross-claimant. However, that case is inapposite because it concerned a separate action for indemnity—not a crossclaim. Furthermore, the Investor Cross-Defendants' suggested rule would essentially nullify Rule 13(g), as a party seeking indemnification or contribution would have to wait until the merits of the underlying case were finally adjudicated before asserting the crossclaim, at which point no court would permit amendment to add the crossclaim.

Accordingly, GreatBanc stated sufficient facts to support the plausible finding that some or all of the Investor Cross-Defendants may be liable to it for indemnification or contribution. As such these claims survive the motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Investor Cross-Defendants' motion to dismiss. (Doc. No. 157). Specifically, the Court **GRANTS** the Investor Cross-Defendants' motion to dismiss Count Three as it relates to Cross-Defendants Mohler and Douglas, and the Court **DENIES** the remainder of the Investor Cross-Defendants' Motion to Dismiss.

## ORDER

**IT IS, THEREFORE, ORDERED** that Investor Cross-Defendants' Motion to Dismiss (Doc. No. 157) is **GRANTED IN PART and DENIED IN PART**.

Signed: August 26, 2026

Max O. Cogburn Jr.
United States District Judge